[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2007
THOMAS K. KAHN
CLERK

No. 07-10691
Non-Argument Calendar

BIA No. A79-458-032

FENGE YANG,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

**(July 24, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of the People's Republic of China.  On

May 28, 2002, she left China for Venezuela. From there, she flew to the United States, arriving at Miami International Airport on July 10, 2002. She entered the United States with a Japanese passport bearing a false name, and stated that she was a Visa Waiver Pilot Program applicant. Petitioner also sought asylum. Having requested asylum, she was taken before an asylum officer. She told the officer that she left China to escape China's family planning policy. Six months later, Petitioner filled out a formal application for asylum. In the application, she stated that she left China because she feared persecution for being a Christian. She stated that her immediate family – her husband, two children, father and eight siblings – resided in China, that she left China because the Chinese authorities had persecuted her on account of her Christian faith, and that if sent back to China, they would imprison her due to her activities within the church.

An Immigration Judge ("IJ") heard Petitioner's asylum application on May 17, 2005.[1] After considering Petitioner's testimony and her documentary evidence, he denied the application – finding that Petitioner's testimony was not credible – and ordered her removal, rejecting her request for withholding of

---

[1] On January 16, 2004, the IJ granted Petitioner's motion to withdraw her application – so to allow Petitioner to obtain documentation to support her asylum request. On May 7, 2004, the IJ granted Petitioner's motion to reopen the asylum hearing. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2003). In addition to seeking asylum, she sought withholding of removal and relief under the U.N. Convention Against Torture ("CAT").

removal and CAT relief.

In her testimony before the IJ, Petitioner said that her two children were living with her sister in China and that she had been living with her husband in New York City – that he had been residing there since 1995. (His immigration status was in litigation.) When the IJ pointed out that she had earlier stated under oath that her husband was in China, she responded that she decided to be truthful about her husband before the hearing convened. The IJ was concerned about her inconsistent statements about when she became a Christian. In the statement appended to her application, she said that she became a Christian in 1995; in her testimony before the IJ, she said that she was raised a Christian. Then there was the discrepancy regarding why she left China. When questioned on her arrival in Miami, Petitioner said she fled China because of its family planning policy; in her asylum application and subsequent testimony before the IJ, she said that her flight was due to her religion.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). In her brief to the BIA, she challenged, among other things, the IJ's finding that she lacked credibility. She also contended that the IJ had denied her due process of law by relying on that finding to deny her asylum application.

The BIA was not persuaded and affirmed the IJ's decision.[2]

Petitioner now petitions this court for review. The question we must decide is whether substantial evidence supports the denial of her application for asylum and withholding of removal.[3] See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (affirming the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole.")[4]

"[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). In this case, the IJ pointed to several material inconsistencies between Petitioner's testimony before the IJ and her previous statements. The BIA noted these inconsistencies, "in particular . . . the conflict in the applicant's claim concerning the whereabouts of her husband." The BIA found that this [was] significant. . . . *See e.g., matter of A-E—,* 21 I&N Dec. 1157

---

[2] In affirming the IJ's decision, the BIA disagreed with the IJ's finding that Petitioner's asylum application was frivolous. Whether it was frivolous is not an issue in this review.

[3] As noted above, in denying Petitioner's application for asylum and withholding of removal, the IJ denied Petitioner CAT relief. Petitioner did not challenge the denial of CAT protection in her brief to the BIA. Because she did not do so – and thus failed fully to exhaust her administrative remedies as to that matter – we do not consider it in this appeal and therefore dismiss her petition to the extent that it seeks CAT protection.

[4] Where, as here, the BIA adopts the IJ's decision and agrees with the IJ's finding that the applicant's testimony was not credible, we review the IJ's finding. Al Najjar, 257 F.3d at 1284.

(BIA 1998). The [IJ] also cited other significant inconsistencies including her original assertion to the Department of Homeland Security . . . officials that she feared persecution due to violation of family planning policies while at her hearing she claimed fear of persecution because she was a Christian."

We cannot fault the IJ for rejecting Petitioner's testimony regarding her grounds for asylum because her testimony was not credible. We thus affirm the denial of Petitioner's asylum application.

Because Petitioner failed to establish that she was qualified for asylum, she necessarily failed to carry the heavier burden of establishing entitlement to withholding of removal. See Al Najjar, 257 F.3d at 1283-84.

PETITION DISMISSED, in part, and DENIED, in part.